## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| REINHARD DRECHSEL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| LIBERY MUTUAL INSURANCE | § | |
| COMPANY d/b/a PEERLESS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT FILE

| EXHIBIT | DESCRIPTION |
|:---:|:---:|
| 1 | Docket Sheet |
| 2 | Plaintiff's Original Petition and Jury Demand |
| 3 | Civil Case Information Sheet |
| 4 | Jury Demand |
| 5 | Issue Citation |
| 6 | Return of Service |
| 7 | Defendant's Original Answer and Defenses |
| 8 | Notice of Jury Trial Setting |

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search  Back          Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-13-14763

| | |
|---|---|
| **REINHARD DRECHSEL vs. LIBERTY MUTUAL INSURANCE COMPANY** §<br>§<br>§<br>§<br>§ | Case Type: **EMPLOYMENT**<br>Date Filed: **12/17/2013**<br>Location: **68th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **LIBERTY MUTUAL INSURANCE<br>COMPANY** *DOING BUSINESS<br>AS* PEERLESS INSURANCE COMPANY | **H.COLIN LECROY**<br>*Retained*<br>214-953-5882(W) |
| **PLAINTIFF** | **DRECHSEL, REINHARD** | **CHRISTINE N NEILL**<br>*Retained*<br>214-748-7777(W) |

---

### EVENTS & ORDERS OF THE COURT

|  |  |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 12/17/2013 | NEW CASE FILED (OCA) - CIVIL |
| 12/17/2013 | ORIGINAL PETITION |
| 12/17/2013 | CASE FILING COVER SHEET |
| 12/17/2013 | JURY DEMAND |
| | Vol./Book 0, Page 0,  0 pages |
| 12/17/2013 | ISSUE CITATION |
| 12/17/2013 | CITATION |
| | *CU-ATTY* |

| | | | |
|---|---|---|---|
| | LIBERTY MUTUAL INSURANCE COMPANY | Served | 12/18/2013 |
| | | Returned | 12/30/2013 |

| | |
|---|---|
| 01/13/2014 | ORIGINAL ANSWER - GENERAL DENIAL |
| 01/18/2014 | TRIAL SETTING (JURY) |
| 12/16/2014 | Jury Trial - Civil  (9:00 AM) (Judicial Officer HOFFMAN, MARTIN) |

---

### FINANCIAL INFORMATION

|  |  |  |  |
|---|---|---|---|
| | **PLAINTIFF DRECHSEL, REINHARD** | | |
| | Total Financial Assessment | | 310.00 |
| | Total Payments and Credits | | 310.00 |
| | **Balance Due as of 01/16/2014** | | **0.00** |
| 12/17/2013 | Transaction Assessment | | 272.00 |
| 12/17/2013 | Transaction Assessment | | 38.00 |
| 12/17/2013 | PAYMENT (CASE FEES)  Receipt # 69525-2013-DCLK | NEIL & BYRNE PLLC | (292.00) |
| 12/17/2013 | PAYMENT (CASE FEES)  Receipt # 69527-2013-DCLK | NEIL & BYRNE PLLC | (18.00) |

EXHIBIT

PENGAD 800-631-6989

1

NO. DC 13-14763                    FILED

REINHARD DRECHSEL,          §          IN THE DISTRICT COURT
                            §          DEC 13 PM 1:50
    *Plaintiff,*            §
                            §          GARY FITZSIMMONS
ICt vs.                     §          DISTRICT CLERK
                            §          DALLAS COUNTY, TEXAS
Aty                         §
LIBERTY MUTUAL INSURANCE    §          DALLAS COUNTY, TEXAS
COMPANY d/b/a PEERLESS      §
INSURANCE COMPANY,          §
                            §          _____ JUDICIAL DISTRICT
                            §
    *Defendant.*            §

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

The plaintiff, Reinhard Drechsel ["Plaintiff" or "Drechsel"], complains of Liberty Mutual

Insurance Company d/b/a Peerless Insurance Company ["Liberty Mutual" or "Defendant"], as

follows:

    1.    Discovery in this action is intended to be conducted under Level 2 pursuant to

TEX. R. CIV. P. 190.

    2.    Drechsel is a natural person and a resident of Collin County, Texas.

    3.    Liberty Mutual is a licensed insurance company in Texas.  Liberty Mutual

conducts business in Texas, including at 1600 North Collins, Richardson, Texas 75080, and this

action accrued in whole or in part at that place of business.

    4.    Liberty Mutual may be served with process by serving its registered agent:

Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

    5.    Until on or about July 9, 2012, Drechsel was employed with Defendant or its

predecessor as a Claims Adjustor.

Plaintiff's Original Petition and Jury Demand – Page 1



EXHIBIT

2

6.      Venue is proper in this district because this action accrued in whole or in part at Defendant's place of business in Dallas County, Texas, where Drechsel was subjected to unlawful employment practices.

7.      This is a proceeding for legal and equitable relief, and compensatory and punitive damages, to secure the rights of Drechsel under the laws of the State of Texas.

8.      Jurisdiction is invoked pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA], as amended. Texas Labor Code §21.001 *et. seq.*

9.      The matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

## STATEMENT OF FACTS

10.      Drechsel commenced work at a predecessor of Defendant in approximately 1990 as a Claims Adjustor.  He continued to work as a Claims Adjustor, Claims Examiner 1, and Senior Claims Specialist II after Safeco purchased the company.  When Liberty Mutual acquired Safeco in 2008, Drechsel became employed by Liberty Mutual.

11.      Drechsel's job performance reviews and customer service scores were consistently very good during his employment.  In January 2012, it was announced by Andy Moore, Central Region Supervisor, that Drechsel achieved the highest customer service score in his entire region.

12.      Despite his good performance and extraordinary customer service, Drechsel was unsuccessful in obtaining a career ladder promotion to Claims Specialist III and an appropriate increase in compensation.  At his review in 2009, when he was being supervised by then Personal Lines Team Manager Theresa Addicks ["Addicks"], approximate age 42, Drechsel asked to be promoted and he was told that there were no openings.  In addition, Drechsel sought

Plaintiff's Original Petition and Jury Demand – Page 2

a raise, but Addicks stated he would not get any further raises at the company because he "made too much money," although to Drechsel's understanding his salary was below the upper limit of his pay band. Drechsel continued to seek career ladder promotions and appropriate raises through the end of his employment, to no avail, while younger, less qualified counterparts received career ladder promotions and raises.

13.    In 2009, Mike Fawkes ["Fawkes"], Department Supervisor of Personal Lines, First Party Claims, approximate age 38, became Drechsel's supervisor. Based on positive feedback from Addicks, Fawkes asked Drechsel to back him up, and gave Drechsel claims payment and file review authorization for Fawkes' other subordinates.

14.    Beginning in approximately July 2011, following short term disability and FMLA leave required for Drechsel due to a detached retina procedure, Fawkes greatly increased the volume of Drechsel's claims assignments. The types of claims assigned was also changing, as Drechsel had been a foundation expert with mostly foundation claims, but recently he had begun to receive large loss claims such as roof, fire, water and storm claims in addition to the foundation claims, which required very time consuming investigative work. Drechsel observed that the workload of his younger counterparts did not increase to the extent that his increased. When he complained about the workload and the inequality of claims distribution, Fawkes told him that he should look for another position because he was "too old." In addition, Addicks commented at that time that Drechsel was "falling apart."

15.    In approximately March 2012, Fawkes told Drechsel that he was "falling off the diary," or not meeting specific deadlines relating to the processing of the claims. Drechsel was doing his best to keep up with this unreasonably unmanageable claims load, including coming in

early and sometimes working on the weekends, but the workload being placed on him was unrelenting and unrealistic.

16.     Drechsel learned that some of his new claims file assignments were coming from Unit Manager Steve Perkins ["Perkins"], who was significantly younger than Drechsel. Upon information and belief, Perkins told another employee that Liberty needed to get rid of all of these "old employees" and hire people right out of college.

17.     By June 2012, Drechsel's claims load had reached a level of approximately one hundred eighty pending claims, and he was receiving anywhere from ten to thirty new claims assignments per day, which is far in excess of normal claims numbers. The long hours Drechsel was working to keep up with the claims load began to affect his health. His blood pressure escalated and he began to suffer from anxiety and depression. On June 4, 2012, Drechsel fainted briefly at his desk at work, and he went to see a doctor that day, who took him off work through July 2, 2012.

18.     Following Drechsel's return to work July 2nd, there was no change to the unreasonably heavy volume of his claims load and the unequal distribution of claims. Drechsel complained again to Fawkes about the claims load, and Fawkes only stated that "the system is broken," and "you didn't sign up for this." Fawkes told Drechsel he "should find another position."

19.     On July 7, 2012, Drechsel attended a Fourth of July party at the home of Addicks, now Large Loss Unit Manager. Drechsel's domestic partner, Debbie Koenig ["Koenig"], accompanied him to the party. At the party, Addicks told Koenig that at Drechsel's age he could not take the stress of the job anymore and that he needed to find another job.

Plaintiff's Original Petition and Jury Demand – Page 4

20.    On July 9, 2012, Drechsel felt he had no choice other than to leave his job position due to the onerous claims load placed on him, which remained unaltered after his numerous complaints regarding inequality in the distribution of claims; the negative effects the work load was having on his health; the blatant age animus statements of company managers regarding his ability to work due to his age; and the statements of company managers that he needed to find another job, which led Drechsel to believe he was going to be terminated if he did not resign.

## TCHRA CLAIM

21.    At the time of termination or constructive termination, Drechsel was age 60 and a member of the protected age group within the meaning of the TCHRA.

22.    Drechsel has a disability (high blood pressure, anxiety and depression) and he is therefore a member of protected groups within the meaning of the TCHRA.

23.    At all times material to this action, Liberty Mutual employed at least fifteen (15) employees and was an employer within the meaning of the TCHRA.

24.    A.    Liberty Mutual employs more than 100 employees;
       B.    Liberty Mutual employs more than 200 employees;
       C.    Liberty Mutual employs more than 500 employees.

25.    All conditions precedent to the filing of this suit has been met:

       A.    On or about January 4, 2013, Drechsel timely filed a charge of discrimination, Charge No. 450-2-13-01110, with the Texas Workforce Commission ["TWC"] alleging age, disability, and retaliation discrimination;

       B.    On November 18, 2013 Drechsel received a Notice of Right to File Civil Action from the TWC.

26.     During the course of employment, Drechsel opposed discriminatory conduct; including differential treatment of older employees, that Drechsel had a good faith belief was discriminatory.

27.     Drechsel alleges that Defendant, through its employees and agents, including but not limited to Fawkes, engaged in a continuing pattern and course of discriminatory conduct against him because of age, disability, and/or in retaliation for his opposition to discriminatory employment practices in violation of the TCHRA, and specifically:

A.     Defendant subjected Drechsel to less favorable working conditions than those to which younger and/or non-disabled employees were subjected, including in: giving unwarranted criticism of job performance; unwarranted increases in job responsibilities and workload; failing to apply employee rules and/or performance standards equally; and intimidation, verbal abuse and threats;

B.     Defendant failed to promote Drechsel despite repeated requests for promotion from 2009 through his termination on July 9, 2012;

C.     On, or about July 9, 2012, Defendant terminated or constructively terminated Drechsel due to his age, and/or disability;

D.     On or about July 9, 2012, Defendant retaliated against Drechsel for his opposition to its discriminatory employment practices, including by terminating or constructively terminating his employment.

28.     Defendant engaged in the conduct described above with malice or reckless indifference to the TCHRA employment rights of its employees including Drechsel.

29.     Drechsel has no plain or adequate remedy at law to correct the wrongs complained and thus institutes this suit for declaratory and injunctive relief. Further, Drechsel is now suffering and will continue to suffer irreparable injury from Defendants' willful policies, practices, customs and usages.

**RELIEF REQUESTED**

Plaintiff's Original Petition and Jury Demand – Page 6

30.   Drechsel requests that this Court grant him the following relief from Defendant:

A.   A declaratory judgment, declaring Defendant's past practices herein complained of to be unlawful under the TCHRA;

B.   A permanent injunction, enjoining Defendant from continuing to discriminate against Drechsel on account of age, disability, and/or opposition to the discriminatory employment practices of Defendant, in violation of the TCHRA;

C.   Damages for the discriminatory treatment, including all back pay, front pay, reinstatement, retroactive seniority, promotions to which Drechsel would otherwise have been entitled, and all other employee benefits including health, disability, pension and life insurance benefits to which he would otherwise have been entitled and any other relief necessary to compensate him under the TCHRA;

D.   Compensatory damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress to the maximum extent allowed by law;

E.   Punitive damages to the maximum extent allowed by law;

F.   Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision;

G.   Attorney fees necessary for the prosecution of the TCHRA claims;

H.   Costs in this action, including expert witness fees;

I.   Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

J.   Such other general relief to which Drechsel is justly entitled.

## JURY DEMAND

31.     Drechsel demands a jury on all TCHRA claims,  specifically, the ultimate issues
of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory
and punitive damages. excepting the attorneys' fees issues.

Respectfully Submitted,

Christine Neill
cneill@neillbyrnelaw.com
Texas Bar No. 00796793
Jane Legler Byrne
Texas Bar No. 03565820
jleglerbyrne@neillbyrnelaw.com
Neill & Byrne, PLLC
2214 Main Street 75201
(214) 748-7777
(214) 748-7778 (facsimiles)

Attorneys for Plaintiff Reinhard Drechsel

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC 13-14763   COURT *(FOR CLERK USE ONLY):* _____

STYLED Reinhard Drechsel v. Liberty Mutual Insurance Company dba

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

Peerless Insurance Company

### 1. Contact information for person completing case information sheet:

Name: Christine Neill

Email: Cneill@neillbyrnelaw.com

Address: 2214 Main St.

Telephone: (214) 748-7777

City/State/Zip: Dallas, Tx 75201

Fax: (214) 748-7778

Signature: Christine Neill

State Bar No: 00796793

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Reinhard Drechsel

Defendant(s)/Respondent(s): Liberty Mutual Insurance Company dlbla Peerless Insurance Company

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Family Law**

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Employment**
- [x] Discrimination
- [x] Retaliation
- [x] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

EXHIBIT 3

Rev 2/13



GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK

VIRGINIA ETHERLY
CHIEF DEPUTY

## CAUSE NO. DC-13-14763

REINHARD DRECHSEL

vs.

LIBERTY MUTUAL INSURANCE COMPANY

68th District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $30.00



EXHIBIT
4

PENGAD 800-801-6989

600 Commerce Street   Dallas, Texas 75202 (214) 653-7301
Fax (214) 653-6634  e-mail: gfitzsimmons@dallascounty.org
website: www.dallascounty.org/distclerk/index.html

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   LIBERTY MUTUAL INSURANCE COMPANY DBA PEERLESS INSURANCE
      COMPANY
      BY SERVING ITS REGISTERED AGENT CORPORATION SYSTEM COMPANY
      211 E 7TH STREET SUITE 620
      AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **REINHARD DRECHSEL**

Filed in said Court **17th day of December, 2013** against

**LIBERTY MUTUAL INSURANCE COMPANY DBA PEERLESS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-13-14763**, the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If
this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of December, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

                                        By: _Christi Underwood_, Deputy
                                            CHRISTI UNDERWOOD

---

## ATTY

## CITATION

## DC-13-14763

REINHARD DRECHSEL,
                VS
        **LIBERTY MUTUAL,
      INSURANCE COMPANY**

ISSUED THIS
**17th day of December, 201**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CHRISTI UNDERWOOD, Dep

**Attorney for Plaintiff**
CHRISTINE NEIL
2214 MAIN STREET
DALLAS TX 75201
214-748-7777

**EXHIBIT**

5

# OFFICER'S RETURN

Case No. : DC-13-14763

Court No. 68th District Court

Style: REINHARD DRECHSEL

VS

LIBERTY MUTUAL INSURANCE COMPANY

_____

20 _____, by delivering to the within named

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

Came to hand on the _____ day of _____, 20 _____ at _____ o'clock _____.M. Executed at _____

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

For serving Citation     $ _____

For mileage              $ _____

For Notary               $ _____

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

of ' _____ County, _____

By _____

Deputy

Notary Public _____

County _____

**ATTY**

## CITATION

### DC-13-14763

REINHARD DRECHSEL
VS
LIBERTY MUTUAL
INSURANCE COMPANY

ISSUED THIS
**17th day of December, 2013**

By: CHRISTI UNDERWOOD, Deputy

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

**Attorney for Plaintiff**
CHRISTINE NEIL
2214 MAIN STREET
DALLAS TX 75201
214-748-7777

---

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:    LIBERTY MUTUAL INSURANCE COMPANY DBA PEERLESS INSURANCE
       COMPANY
       BY SERVING ITS REGISTERED AGENT CORPORATION SYSTEM COMPANY
       211 E 7TH STREET SUITE 620
       AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the 68th District Court at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being REINHARD DRECHSEL

Filed in said Court 17th day of December, 2013 against

LIBERTY MUTUAL INSURANCE COMPANY DBA PEERLESS INSURANCE COMPANY

For Suit, said suit being numbered DC-13-14763, the nature of which demand is as follows:
Suit on EMPLOYMENT etc. as shown on said petition, a copy of which accompanies this citation. If
this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of December, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas.

By: _Christi Underwood_____ Deputy
    CHRISTI UNDERWOOD

**EXHIBIT**

_6_

PENGAD 800-631-6989

# OFFICER'S RETURN

*** SEE ATTACHED ***
*** AFFIDAVIT ***

Case No. : DC-13-14763

Court No. 68ᵗʰ District Court

Style: REINHARD DRECHSEL

VS

LIBERTY MUTUAL INSURANCE COMPANY

_____

Came to hand on the _____ day of _____, 20 _____ at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____ by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _____ | of _____ |
| For mileage | $ _____ | County, _____ |
| For Notary | $ _____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

*** AFFIDAVIT ATTACHED ***

_____    _____
Notary Public                        County

## AFFIDAVIT OF SERVICE

REINHARD DRECHSEL,

        Plaintiff

V.

                               Cause No. DC-13-14763
                               County of  Dallas

LIBERTY MUTUAL INSURANCE
COMPANY d/b/a PEERLESS
INSURANCE COMPANY,

               Defendant

Came to hand on December 18, 2013, at 12:30 PM.

Executed at 211 E. 7th Street, Suite 620, Austin, TX 78701, within the County of Travis at 1:15 PM on December 18, 2013, by delivering to the within named:

**LIBERTY MUTUAL INSURANCE COMPANY d/b/a PEERLESS INSURANCE COMPANY,**

**by delivering to its Registered Agent, CORPORATION SERVICE COMPANY, by delivering to its designated agent, KELLY COURTNEY, in person, a true copy of this Citation together with Plaintiff's Original Petition and Jury Demand, having first endorsed upon such copy of such process the date of delivery.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

                             By: _____
                                  Tom Kroll SCH-3012,
                                  Exp: 8/31/2016

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS   §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared  Tom Kroll, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this December 23, 2013.

                       NOTARY PUBLIC, STATE OF TEXAS

13-007939/3520490

FILED
DALLAS COUNTY
1/13/2014 9:38:46 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14763

| | | |
|---|---|---|
| REINHARD DRECHSEL | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| LIBERY MUTUAL INSURANCE | § | |
| COMPANY d/b/a PEERLESS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 68TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

Defendant Liberty Mutual Insurance Company[1] ("Defendant") files its Original Answer to Plaintiff's Original Petition and Jury Demand as follows:

## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies each and every allegation contained in Plaintiff's Original Petition and Jury Demand and any amendment or supplement thereto, and demands strict proof thereof by a preponderance of the credible evidence. With respect to any claim by Plaintiff for exemplary damages, Defendant demands strict proof by clear and convincing evidence.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

---

[1] Peerless Insurance Company and Liberty Mutual Insurance Company are distinct legal entities, each with its own federal employer identification number, etc. Peerless Insurance Company is not a "d/b/a" of Liberty Mutual Insurance Company. Peerless Insurance Company is an affiliate of Liberty Mutual Insurance Company. Both Liberty Mutual Insurance Company and Peerless Insurance Company are subsidiaries of Liberty Mutual Group Inc."

**EXHIBIT**

**7**

PENGAD 800-631-6989

1.      At all times during Plaintiff's employment, he was employed at-will for an indefinite period and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

2.      Defendant made all employment decisions regarding or affecting Plaintiff based on legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's age, disability, alleged opposition to unlawful employment practices, or any other category protected by law.

3.      Defendant would have made the same employment decisions with regard to Plaintiff in the absence of any discriminatory or retaliatory motive, and such motive is denied.

4.      If any improper, illegal, or discriminatory actions were taken by any of Defendant's employees against Plaintiff, they were independent, intervening, and unforeseeable acts that were outside the course and scope of that employee's employment, contrary to Defendant's policies, and not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

5.      All or some of Plaintiff's claims fail to state a claim upon which relief can be granted.

6.      Plaintiff failed to timely file this action within statutory prerequisites with regard to some or all of his claims.

7.      With respect to some of Plaintiff's claims, he failed to timely and properly exhaust all administrative remedies.

8.      Some or all of Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any related charge of discrimination or retaliation

Plaintiff filed with the Texas Workforce Commission or Equal Employment Opportunity Commission.

9.     Defendant is not liable for punitive damages under federal, state or local law because neither Defendant nor any of its employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's legally protected rights, or approved, authorized or ratified, or had actual knowledge of any such acts.

10.     Punitive damages are not available because the actions alleged in the Petition were contrary to Defendant's policies and good faith efforts to comply with state and federal laws.

11.     Defendant engaged in good faith efforts to comply with all state and federal civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

12.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to minimize, alter, reduce, mitigate, or otherwise diminish his damages, if any, with respect to the allegations alleged in the Petition.

13.     To the extent applicable, Defendant pleads an offset.

14.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff's compensatory and punitive damage claims, if any, are subject to the limitations imposed by state and federal law, including, without limitation TEX. LAB. CODE § 21.2585, TEX. CIV. PRAC. & CODE § 41.008, and all other applicable laws.

15.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the due process limitations on punitive and exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

16.     Plaintiff's claims are barred by a failure to perform conditions precedent.

17.     Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

18.     Plaintiff's claims and alleged damages, if any, are barred and/or limited by the doctrine of laches and/or waiver.

19.     Any emotional distress or mental anguish Plaintiff claims to have suffered was not reasonable or justified under the circumstances and/or was not caused by Defendant's conduct.

20.     Plaintiff failed to state a *prima facie* case for violations under Chapter 21 of the Texas Labor Code.

21.     Plaintiff is not a qualified individual with a disability within the meaning of the ADA or the Texas Labor Code.

22.     If Plaintiff claims unlawful termination, such claims fail because Plaintiff voluntarily resigned from his employment.

23.     Plaintiff's retaliation claim fails because Plaintiff did not engage in protected activity.

24.     Defendant reserves the right to supplement, amend, or assert additional affirmative defenses and defenses as Defendant's investigation continues.

WHEREFORE, Defendant Liberty Mutual Insurance Company prays that Plaintiff take nothing by this action and that Defendant be awarded its costs, attorneys' fees, and any other relief to which it may be entitled.

Respectfully submitted,

Angela D. Green
Texas Bar No. 24040695
Colin LeCroy
Texas Bar No. 24070120
**OGLETREE, DEAKINS,**
**NASH, SMOAK & STEWART, P.C.**
500 Preston Commons
8117 Preston Road
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on this _15th_ day of January, 2014, a true and correct copy of the above and foregoing was forwarded via certified mail, return receipt requested, to counsel for Plaintiff Christine Neill, Neill & Byrne, PLLC, 2214 Main Street, Dallas, Texas  75201.

Colin LeCroy

16824308.1



68TH DISTRICT COURT
GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET, STE 510
DALLAS, TEXAS 75202-4630
(214) 653 – 6510

January 16, 2014

CHRISTINE N NEILL
2214 MAIN ST
DALLAS TX  75201

In Re:  DC-13-14763; REINHARD DRECHSEL  vs.  LIBERTY MUTUAL INSURANCE COMPANY

Please take note of the following settings:

      Jury Trial:    **12/16/2014 @ 9:00 A.M.**

    Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules. **If more than 55 jurors are desired, the request must be submitted to the court coordinator at least 8 weeks before the date of trial**.

    When no announcement is made for defendant, defendant will be presumed ready.  If plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

    Completion of discovery, presentation of pre-trial motions and other matters relating to preparation for trial are governed by the Texas Rules of Civil Procedure.

    Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved Texas Civil Rule of Procedure 21a.

                Sincerely,
                Martin J. Hoffman
                District Judge
                68th District Court
                Dallas County, Texas



EXHIBIT
8