IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REINHARD DRECHSEL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:14-00162-M |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY d/b/a PEERLESS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S AMENDED COMPLAINT

The plaintiff, Reinhard Drechsel ["Plaintiff" or "Drechsel"], complains of Liberty Mutual Insurance Company d/b/a Peerless Insurance Company ["Liberty Mutual" or "Defendant"], as follows:

1. Drechsel is a citizen of the United States and a resident of the State of Texas.

2. Drechsel is a former Claims Specialist employee for Liberty Mutual and venue is proper because he has been subjected to unlawful employment practices committed at Liberty Mutual's place of business in the State of Texas, city of Richardson, Northern District, Dallas Division.

3. Liberty Mutual is a licensed insurance company in Texas. Liberty Mutual conducts business in Texas, including at 1600 North Collins, Richardson, Texas 75080, and this action accrued in whole or in part at that place of business.

4. Liberty Mutual may be served with process by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Plaintiff's Amended Complaint – Page 1

5. Until on or about July 9, 2012, Drechsel was employed with Defendant or its predecessor as a Claims Specialist.

6. Jurisdiction of this Court has been invoked pursuant to 28 U.S.C. §1331 and §1441. Jurisdiction further exists pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202.

7. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967 [ADEA], 29 U.S.C. §621, et seq. This is a proceeding for legal and equitable relief to secure the rights of Plaintiff under the ADEA.

8. Jurisdiction of this Court is also invoked pursuant to the Americans with Disabilities Act of 1990 [ADA], 42 U.S.C. §12101, *et. seq.,* as amended by the ADAAA. This is a proceeding for legal and equitable relief available to secure the rights of Plaintiff under the ADA.

9. Jurisdiction of this Court is further invoked pursuant to the Family Medical Leave Act of 1993 ["FMLA"] 28 U.S.C. §1331 and 29 U.S.C. § 2601 *et. seq*. This is a proceeding for legal and equitable relief available to secure the rights of Plaintiff under the FMLA.

10. Jurisdiction is further invoked pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA], as amended, Texas Labor Code §21.001 *et. seq*.

11. The matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

12. This is a proceeding for a declaratory judgment, injunctive relief, compensatory, punitive and/or liquidated damages, and other relief to secure the rights of Plaintiff under the ADEA, ADA, FMLA, and TCHRA. It is brought to prevent Liberty Mutual from maintaining a

policy, practice, custom or usage of discriminating against employees, including Plaintiff, in regard to terms, conditions and privileges of employment in violation of these statutes.

## STATEMENT OF FACTS

13. Drechsel commenced work at a predecessor of Defendant in approximately 1990 as a Claims Adjustor. He continued to work as a Claims Adjustor, Claims Examiner 1, and Senior Claims Specialist II after Safeco purchased the company. When Liberty Mutual acquired Safeco in 2008, Drechsel became employed by Liberty Mutual.

14. Drechsel's job performance reviews and customer service scores were consistently very good during his employment. In January 2012, it was announced by Andy Moore, Central Region Supervisor, that Drechsel achieved the highest customer service score in his entire region.

15. Despite his good performance and extraordinary customer service, Drechsel was unsuccessful in obtaining a career ladder promotion to Claims Specialist III and an appropriate increase in compensation. At his review in 2009, when he was being supervised by then Personal Lines Team Manager Theresa Addicks ["Addicks"], approximate age 42, Drechsel asked to be promoted and he was told that there were no openings. In addition, Drechsel sought a raise, but Addicks stated he would not get any further raises at the company because he "made too much money," although to Drechsel's understanding his salary was below the upper limit of his pay band. Drechsel continued to seek career ladder promotions and appropriate raises through the end of his employment, to no avail, while younger, less qualified counterparts received career ladder promotions and raises.

16. In 2009, Mike Fawkes ["Fawkes"], Department Supervisor of Personal Lines, First Party Claims, approximate age 38, became Drechsel's supervisor. Based on positive

Plaintiff's Amended Complaint – Page 3

feedback from Addicks, Fawkes asked Drechsel to back him up, and gave Drechsel claims payment and file review authorization for Fawkes' other subordinates.

17. Beginning in approximately July 2011, following short term disability and FMLA leave required for Drechsel due to a detached retina procedure, Fawkes greatly increased the volume of Drechsel's claims assignments. The types of claims assigned was also changing, as Drechsel had been a foundation expert with mostly foundation claims, but recently he had begun to receive large loss claims such as roof, fire, water and storm claims in addition to the foundation claims, which required very time consuming investigative work. Drechsel observed that the workload of his younger counterparts did not increase to the extent that his increased. When he complained about the workload and the inequality of claims distribution, Fawkes told him that he should look for another position because he was "too old." In addition, Addicks commented at that time that Drechsel was "falling apart."

18. In approximately March 2012, Fawkes told Drechsel that he was "falling off the diary," or not meeting specific deadlines relating to the processing of the claims. Drechsel was doing his best to keep up with this unreasonably unmanageable claims load, including coming in early and sometimes working on the weekends, but the workload being placed on him was unrelenting and unrealistic.

19. Drechsel learned that some of his new claims file assignments were coming from Unit Manager Steve Perkins ["Perkins"], who was significantly younger than Drechsel. Upon information and belief, Perkins told another employee that Liberty needed to get rid of all of these "old employees" and hire people right out of college.

20. By June 2012, Drechsel's claims load had reached a level of approximately one hundred eighty pending claims, and he was receiving anywhere from ten to thirty new claims

assignments per day, which is far in excess of normal claims numbers. The long hours Drechsel was working to keep up with the claims load began to affect his health. His blood pressure escalated and he began to suffer from anxiety and depression. On June 4, 2012, Drechsel fainted briefly at his desk at work, and he went to see a doctor that day, who took him off work through July 2, 2012. Drechsel's absences were eligible for and were counted by the company toward toward his family medical leave allotment under the FMLA.

21. Following Drechsel's return to work July 2nd, there was no change to the unreasonably heavy volume of his claims load and the unequal distribution of claims. Drechsel complained again to Fawkes about the claims load, and Fawkes only stated that "the system is broken," and "you didn't sign up for this." Fawkes told Drechsel he "should find another position."

22. On July 7, 2012, Drechsel attended a Fourth of July party at the home of Addicks, now Large Loss Unit Manager. Drechsel's domestic partner, Debbie Koenig ["Koenig"], accompanied him to the party. At the party, Addicks told Koenig that at Drechsel's age he could not take the stress of the job anymore and that he needed to find another job.

23. On July 9, 2012, Drechsel felt he had no choice other than to leave his job position due to the onerous claims load placed on him, which remained unaltered after his numerous complaints regarding inequality in the distribution of claims; the negative effects the work load was having on his health; the blatant age animus statements of company managers regarding his ability to work due to his age; and the statements of company managers that he needed to find another job, which led Drechsel to believe he was going to be terminated if he did not resign.

Plaintiff's Amended Complaint – Page 5

## CONDITIONS PRECEDENT – ADEA, ADA, TCHRA

24.    At all times material to this action, Liberty Mutual employed at least twenty (20) employees and was an employer within the meaning of the ADEA, ADA and TCHRA.

25.    A.    Liberty Mutual employs more than 100 employees;
        B.    Liberty Mutual employs more than 200 employees;
        C.    Liberty Mutual employs more than 500 employees.

26.    All conditions precedent to the filing of this suit have been met:

    A.    On January 4, 2013, Drechsel timely filed a charge of discrimination, Charge No. 450-2-13-01110, with the Equal Employment Opportunity Commission ["EEOC"] and TWC alleging age, disability, and retaliation discrimination;

    B.    On October 28, 2013 Drechsel received a Notice of Right to File Civil Action from the EEOC, and on November 18, 2013 he received a right to sue from the TWC.

## AGE AND DISABILITY DISCRIMINATION CLAIMS

27.    At the time of termination or constructive termination, Drechsel was age 60 and a member of the protected age group within the meaning of the ADEA and TCHRA.

28.    Drechsel has a disability (high blood pressure, anxiety and depression) and he is therefore a member of protected groups within the meaning of the ADA and TCHRA.

29.    During the course of employment, Drechsel opposed discriminatory conduct; including differential treatment of older employees, that Drechsel had a good faith belief was discriminatory.

30.    Drechsel alleges that Defendant, through its employees and agents, including but not limited to Fawkes, engaged in a continuing pattern and course of discriminatory conduct against him because of age, disability, and/or in retaliation for his opposition to discriminatory employment practices in violation of the ADEA, ADA and TCHRA, and specifically:

Plaintiff's Amended Complaint – Page 6

      A.      Defendant subjected Drechsel to less favorable working conditions than those to which younger and/or non-disabled employees were subjected, including in: giving unwarranted criticism of job performance; unwarranted increases in job responsibilities and workload; failing to apply employee rules and/or performance standards equally; and intimidation, verbal abuse and threats;

      B.      Defendant failed to promote Drechsel despite repeated requests for promotion from 2009 through his termination on July 9, 2012;

      C.      On or about July 9, 2012, Defendant terminated or constructively terminated Drechsel due to his age and/or disability;

      D.      On or about July 9, 2012, Defendant retaliated against Drechsel for his opposition to its discriminatory employment practices, including by terminating or constructively terminating his employment.

31. Defendant engaged in the conduct described above willfully, and with malice or reckless indifference to the ADEA, ADA and TCHRA employment rights of its employees including Drechsel.

## FMLA CLAIM

32. Throughout Drechsel's employment, Defendant employed at least fifty employees and was an employer as that term is defined in FMLA.

33. At all times material herein, Defendant was engaged in commerce or in the production of goods for commerce, or had employees engaged in commerce or in the production of goods for commerce.

34. In July 2011 and from June 4 – July 1, 2012, Drechsel was required to be absent from work to care for his own serious health conditions, detached retina (2011) and high blood pressure, anxiety and depression (2012).

35. Defendant received necessary documentation regarding needs for FMLA leave.

Plaintiff's Amended Complaint – Page 7

36. At the time he was taking FMLA leave, Drechsel was an eligible employee, as that term is defined in the FMLA, of Defendant, because he had a serious health condition and was employed by Defendant for more than twelve months, working more than 1,250 hours before FMLA leave was requested.

37. Defendants discriminated and/or retaliated against Plaintiff for exercise of his FMLA rights, specifically his taking and/or requesting FMLA leave, and/or unlawfully interfered with his right to take FMLA leave, in violation of the FMLA, 29 U.S.C. §2601, *et seq.*:

  A. Plaintiff took time off work, and requested time off in the future, to care for a serious health condition as that term is defined in 29 U.S.C. § 2611(11);

  B. On or about July 9, 2012, Plaintiff was terminated or constructively terminated by Defendant;

  C. In terminating or constructively terminating Plaintiff's employment, Defendant interfered with, restrained, or denied the exercise or attempted exercise of Plaintiff's right to take FMLA leave; retaliated against Plaintiff because Plaintiff sought protection under the FMLA; and/or treated Plaintiff less favorably than employees who had not taken FMLA leave, been offered FMLA leave, requested FMA leave, and/or given notice of a need to take leave;

  D. Defendants' conduct was in violation of 29 U.S.C. §2601, *et seq.*, specifically, 29 U.S.C. §2615(a)(1), 29 U.S.C. § 2615(a)(2), and 29 U.S.C. § 2615(b).

38. Drechsel has no plain or adequate remedy at law to correct the wrongs complained and thus institutes this suit for declaratory and injunctive relief. Further, Drechsel is now suffering and will continue to suffer irreparable injury from Defendants' willful policies, practices, customs and usages.

**RELIEF REQUESTED**

39. Drechsel requests that this Court grant him the following relief from Defendant:

    A.  A declaratory judgment, declaring Defendant's past practices herein complained of to be unlawful under the ADEA, ADA, TCHRA and FMLA;

    B.  A permanent injunction, enjoining Defendant from continuing to discriminate against Drechsel on account of age, disability, and/or opposition to the discriminatory employment practices of Defendant, in violation of the ADEA, ADA, TCHRA and FMLA;

    C.  Damages for the discriminatory treatment, including all back pay, front pay, reinstatement, retroactive seniority, promotions to which Drechsel would otherwise have been entitled, and all other employee benefits including health, disability, pension and life insurance benefits to which he would otherwise have been entitled and any other relief necessary to compensate him under the ADEA, ADA and TCHRA;

    D.  Compensatory damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to Plaintiff's ADA and TCHRA claims to the maximum extent allowed by law;

    E.  Liquidated damages for Defendant's willful violation of the ADEA, and punitive damages relating to Plaintiff's ADA and TCHRA claims to the maximum extent allowed by law;

    F.  Backpay and an equal amount of liquidated damages, and other relief necessary to compensate him for his FMLA claims;

    G.  Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision;

    H.  Attorney fees necessary for the prosecution of the ADEA, ADA, TCHRA and FMLA claims;

    I.  Costs in this action, including expert witness fees;

    J.  Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

    K.  Such other general relief to which Drechsel is justly entitled.

## JURY DEMAND

40. Drechsel demands a jury on all ADEA, ADA, TCHRA and FMLA claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully submitted,

/s/Christine Neill

_____
Christine Neill
cneill@neillbyrnelaw.com
Texas Bar No. 00796793
Jane Legler Byrne
Texas Bar No. 03565820
jleglerbyrne@neillbyrnelaw.com
Neill & Byrne, PLLC
2214 Main Street 75201
(214) 748-7777
(214) 748-7778 (facsimiles)

Attorneys for Plaintiff Reinhard Drechsel

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 21, 2014, a true and correct copy of the foregoing was served on Defendant's counsel listed below, via the ECF system:

Angela D. Green, Esq.
Colin LeCroy, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Ste. 500
Dallas, Texas  75225


/s/ Christine Neill
_____
Christine Neill