IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REINHARD DRECHSEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-162-M-BN |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY d/b/a/ PEERLESS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER[1]

United States District Judge Barbara M. G. Lynn has referred this case to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 46. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") has filed a Motion to Strike Witnesses or, in the Alternative, Motion for a Continuance of All Deadlines. *See* Dkt. No. 33. Liberty Mutual objects to Plaintiff Reinhard Drechsel's "eleventh-hour" designation of twenty-eight people as individuals likely to have relevant knowledge in Plaintiff's First Amended Initial Disclosures and moves to strike these previously unidentified witnesses or, in the alternative, to re-open the discovery period and grant Liberty

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Mutual a continuance to permit it time to depose and/or investigate these witnesses. *Id.* at 1, 6. Plaintiff has responded, *see* Dkt. No. 43, and Liberty Mutual has filed a reply, *see* Dkt. No. 48, And the Court discussed the motion with counsel at an October 26, 2015 hearing. *See* Dkt. Nos. 38 & 44.

For the reasons and to the extent explained below, Liberty Mutual's Motion to Strike Witnesses or, in the Alternative, Motion for a Continuance of All Deadlines [Dkt. No. 33] is GRANTED in part and DENIED in part.

**Background**

In this employment discrimination case, Plaintiff alleges that Liberty Mutual terminated or constructively discharged him from his claims specialist position in its Richardson, Texas office due to his age and disability and in retaliation for taking medical leave. Plaintiff asserts claims under the Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act ("ADA"), Family Medical Leave Act ("FMLA"), and Texas Commission on Human Rights Act ("TCHRA"). *See* Dkt. No. 4.

Plaintiff served his Initial Disclosures on April 18, 2014 and served his First Amended Initial Disclosures on October 1, 2015. *See* Dkt. No. 49 at App. 1-18. The Court's most recent scheduling order provides that "[a]ll fact and expert discovery shall be completed by October 1, 2015." Dkt. No. 25 at 2. In his First Amended Initial Disclosures, Plaintiff included the names of 28 additional "[i]ndividuals likely to have discoverable information." Dkt. No. 49 at App. 8-20.

**Legal Standards**

Federal Rule of Civil Procedure 26(a)(1)(A) provides, as relevant here, that "a

party must, without awaiting a discovery request, provide to the other parties: (I) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See* FED. R. CIV. P. 26(a)(1)(A)(I). Federal Rule of Civil Procedure 26(e)(1) further provides that "[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1). The disclosing (or late disclosing) party bears the burden of proving the failure to timely disclose was substantially justified or harmless. *See Sightlines, Inc. v. La. Leadership Institute*, Civ. A. No. 3:13-CV-00527-

SDD-RLB, 2015 WL 77671, at *1 (M.D. La. Jan. 6, 2015); *In re Sambrano*, 440 B.R. 702, 707 (Bankr. W.D. Tex. 2010).

In evaluating whether a Rule 26(a) violation is harmless, the Court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to timely disclose. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Klein v. Fed. Ins. Co.*, Nos. 7:03-cv-102-D & 7:09-cv-94-D, 2015 WL 1525109, at *3 (N.D. Tex. Apr. 6, 2015). In applying these factors, a court may, under appropriate circumstances, exclude a witness's testimony where the disclosing party did not identify additional witnesses prior to the close of discovery and offers no persuasive explanation for the failure to comply with a discovery deadline. *See Antoine-Tubbs v. Local 513, Air Transport Div., Transport Workers of Am., AFL-CIO*, 190 F.3d 537 (table), 1999 WL 642665, at *2 (5th Cir. July 19, 1999).

But courts have held that a failure to disclose a witness or evidence is "substantially justified" under Rule 37(c) where the disclosing party had no knowledge of the person or evidence until after the discovery deadline has passed. *See, e.g.*, *In re Advanced Modular Power Sys., Inc.*, 413 B.R. 643, 661 (Bankr. S.D. Tex. 2009) (citing *Silchia v. MCI Telecomms. Corp.*, 942 F. Supp. 1369, 1377 (D. Colo. 1996)). And courts have declined to exclude evidence or witnesses where the opposing party knew or

should have known of an exhibit and its contents or the identity of a person and the scope of her testimony well before trial. *See Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, Civ. A. No. H-07-2684, 2008 WL 5114962, at *15 n.22 (S.D. Tex. Dec. 3, 2008).

## Analysis

Plaintiff did not disclose the names, contact information, and subject of discoverable information of the 28 additional individuals likely to have discoverable information until the discovery deadline. *See* Dkt. No. 49 at App. 1-18. Such a disclosure is untimely under Rules 26(a)(1) and 26(e)(1), except insofar as the information disclosed has otherwise been made known to the other parties during the discovery process or in writing – in which case its inclusion in any supplemental or amended disclosures is, strictly speaking, unnecessary under Rule 26(e)(1). *See Jindal v. U.S. Dep't of Educ.*, Civ. A. No. 14-534-SDD-RLB, 2015 WL 2405950, at *1-*2 (M.D. La. May 18, 2015); *Chenevert v. GC Constructors*, Civ. A. No. 4:10CV00113-WAP-DAS, 2011 WL 4054978, at *2 (N.D. Miss. Sept. 12, 2011); *In re Sambrano*, 440 B.R. at 706-07. But Rule 37(c)(1) does not require witness preclusion for untimely disclosure under Rule 26 if missing the deadline is harmless or substantially justified. *See Klein*, 2015 WL 1525109, at *3.

As to several individuals, Plaintiff asserts that Liberty Mutual has known their identities and scope of knowledge for some time and that his disclosure on the discovery deadline was therefore either timely under Rule 26(e)(1) or harmless under Rule 37(c)(1). Liberty Mutual replies that, while many (but not all) of the 28

individuals are Liberty Mutual's current or former employees, that fact alone or the passing reference to an individual in a deposition or demand letter or in a document that Liberty Mutual produced did not put Liberty Mutual on notice that the individual had discoverable information relevant to the claims or defenses in this case or that Plaintiff believed that the individual had discoverable and relevant personal knowledge. For the most part, the Court agrees with Liberty Mutual's position as to the untimeliness of Plaintiff's disclosures of these 28 individuals.

On the record before the Court, Plaintiff's view that Dwayne Ayler and Jon Vandesteeg may have discoverable information relevant to Plaintiff's claims and his argument that these individuals have been mentioned to Liberty Mutual for many months only underscores that Plaintiff should have disclosed them earlier under Rule 26. Liberty Mutual does not claim to be surprised to learn of these individuals' identities but rather of Plaintiff's position – first taken on the discovery deadline – that they each possess discoverable information. But Plaintiff has provided fairly detailed explanations of his views of the importance of these two individuals' testimony. And Liberty Mutual seeks exclusion but does not claim that a continuance and re-opening discovery cannot possibly cure any prejudice from their late disclosure – where the prejudice that Liberty Mutual claims is the additional expense of an expanded scope of evidence this late in the lawsuit and being forced to investigate the relevance of 28 new witnesses, including re-opening Plaintiff's deposition to discuss the specific alleged reason for their inclusion in the case. *See* Dkt. No. 48 at 6. Accordingly, the Court concludes that, with a limited re-opening of discovery as to Mr. Ayler and Mr.

Vandesteeg, Plaintiff's failure to timely disclose these individuals under Rule 26 is harmless.

The Court cannot reach the same conclusion as to four individuals for whom Liberty Mutual has no record of ever working for it in its Richardson, Texas office and as to whom Plaintiff simply explains that he only recalled their being claims specialists or Plaintiff's co-workers after hearing the testimony and the events discussed in the depositions of his former supervisors during the last week of discovery. *See* Dkt No. 49 at App. 20. Where Plaintiff offers nothing more than a late-recalled name or passing reference in a produced document and Liberty Mutual's investigation turns up no record of these individuals' ever working for it in the office in which Plaintiff worked, the Court concludes that, on balance, Plaintiff's failure to earlier disclose these individuals is neither harmless nor substantially justified and that exclusion of these individuals – Jennifer Mead, Sahra Reid, Aman Stilts, and Garrett Reed – as witnesses is justified and appropriate. The Court reaches the same conclusion as to two individuals whom Plaintiff has identified only by their first names – Stephanie L.N.U. and Jacob L.N.U. – and as to whom, in response to the motion to strike, Plaintiff offers no explanation as to Stephanie and only Plaintiff's supervisor's passing mention of Jacob during his deposition. The Court orders that Plaintiff may not use Jennifer Mead, Sahra Reid, Aman Stilts, Garrett Reed, Stephanie L.N.U., or Jacob L.N.U. as a witness to supply evidence on a motion, at a hearing, or at a trial in this case.

Another of the 28 individuals that Plaintiff disclosed on the discovery deadline – Sharon Tittle – is a claims specialist who still works for Liberty Mutual in its

Richardson, Texas office and whom Liberty Mutual reports that it "has maintained throughout discovery ... is [Plaintiff's] only arguable comparator." Dkt. No. 48 at 4; Dkt No. 49 at App. 19. The importance of Ms. Tittle's possible testimony thus appears indisputable, and the Court finds on balance that, although belatedly disclosed by Plaintiff, a continuance to permit discovery as to her knowledge clearly would cure any prejudice. Accordingly, the Court concludes that Plaintiff's failing to earlier disclose Ms. Tittle is harmless.

As to three additional late-disclosed individuals (Lori Zimmerman, Brandi Martinez, and Brandi Amedetohou), Plaintiff asserts that he only learned of their identities during the last week of discovery, and Liberty Mutual does not assert otherwise. Plaintiff's failure to previously disclose these individuals was, the Court concludes, substantially justified where these individuals currently work for Liberty Mutual or formerly worked for Liberty Mutual in its Richardson, Texas office.

Finally, as to the remaining individuals first disclosed in Plaintiff's First Amended Initial Disclosures (Enoch Ablor, Michael Jarboe, Alisha Sommers, Susan Gregory, Felicia Fitzgerald, Candice Boehm, Kristina Hopkins, Liz Villareal, Alan Holt, Rusty Abrams, Ameedah Johnson, Stephanie Babcock, Tyreesa Brown, Melissa Studney, Kent Stiles, and John Hine), the Court concludes that, although Plaintiff may not have first learned their identity during the last week of discovery, Plaintiff's failure to previously disclose these individuals is, on balance, after considering the relevant factors, harmless and that any prejudice can be cured by a continuance and re-opening of discovery where these individuals currently work for Liberty Mutual or formerly

worked for Liberty Mutual in its Richardson, Texas office. *See* Dkt. No. 48 at 4; Dkt. No. 49 at App. 19-20.

## Conclusion

Defendant Liberty Mutual Insurance Company's Motion to Strike Witnesses or, in the Alternative, Motion for a Continuance of All Deadlines [Dkt. No. 33] is granted in part and denied in part to the extent explained above. The Court will re-open discovery on a limited basis and will discuss with counsel at the November 13, 2015 scheduling conference the appropriate dates for extended discovery and motions deadlines. The re-opened discovery is limited to discovery related to the following individuals and their relevant knowledge and information, if any, as to the claims and defenses in this case: Dwayne Ayler, Jon Vandesteeg, Sharon Tittle, Lori Zimmerman, Brandi Martinez, Brandi Amedetohou, Enoch Ablor, Michael Jarboe, Alisha Sommers, Susan Gregory, Felicia Fitzgerald, Candice Boehm, Kristina Hopkins, Liz Villareal, Alan Holt, Rusty Abrams, Ameedah Johnson, Stephanie Babcock, Tyreesa Brown, Melissa Studney, Kent Stiles, and John Hine.

SO ORDERED.

DATE: November 12, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE